STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-15

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

SEP 23 2003

RECEIVED

KIRSTEN M. GOFF,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

ORDER ON
PETITIONER'S 80C
APPEAL

## FACTUAL BACKGROUND

Petitioner was employed, primarily doing data entry work, by Kelly Services Inc. ("Kelly), a temporary services agency. Record ("R") 51-53. She was working twenty hours a week from home. R. 51-52. Around the end of March or beginning of April 2002, Petitioner's last assignment ended and she began receiving unemployment benefits. R. 51. On August 7, 2002, Kelly offered Petitioner a full time data entry position. R. 63. Petitioner refused this position for a variety of reasons, which were disputed by Petitioner and Kelly. R. 63-69.

Following Petitioner's refusal of the offer to work, a Deputy of the Maine Department of Labor had a telephone interview with Petitioner and subsequently issued two decisions, Deputy Decision 2 and Deputy Decision 3, concerning Petitioner's eligibility and qualification for benefits. Deputy Decision 2 was issued on September 18, 2002. The decision determined that the claimant had refused an offer of suitable work and was disqualified from receiving benefits under 26 M.R.S.A. § 1193(3) until she had earned requalifying wages of $1464.00. In addition, Decision 2 established an overpayment in the amount of $967.00 for the weeks that Petitioner had improperly

received benefits. R. 74-77. Deputy Decision 3 was issued on September 19, 2002, one day after the issuance of Decision 2. Decision 3 determined that Petitioner was not able and available for full-time work under 26 M.R.S.A. § 1192(3) for the weeks that she claimed benefits, and therefore, was ineligible to receive benefits for those weeks. In addition, Decision 3 denied benefits to the claimant until she became able and available for full-time work and, like Decision 2, established an overpayment of $967.00. R. 29, 46-48.

Petitioner immediately appealed Deputy Decision 3. R. 47. However, she did not file a timely appeal of Deputy Decision 2. Petitioner alleges that she did not realize that her one phone call with the Deputy resulted in two independent decisions and that she had to make two separate appeals. R. 47. In late October, before the Division of Administrative Hearings ("Division") had issued a decision on Petitioner's appeal of Decision 3, Petitioner called the local office about another issue. Petitioner claims that it was during this phone conversation that she learned that she had never officially appealed Deputy Decision 2. R. 49. On October 23, 2002, Petitioner filed an appeal of Deputy Decision 2.

On October 25, 2002, the Division reversed Deputy Decision 3 and held that Petitioner was able and available for full-time work. The Division found that while carpal tunnel syndrome and a shoulder injury prevented Petitioner from working in her usual data entry position for more than 20 hours a week, she was still capable of working full-time in any position that does not require repetitive motion. R. 91-92.

In contrast, the Division upheld Decision 2 without ever reaching the substantive merits of the appeal. R. 34, 45, 51. The Administrative Hearing Officer determined that the claimant had not filed a timely appeal because the appeal had not been filed within either the first fifteen days allowed to appeal the decision or within the second fifteen

days allowed if good cause can be established for filing an appeal after the first fifteen days. R. 33-37. Petitioner then appealed the decision of the Administrative Hearing Officer to the Unemployment Insurance Commission ("Commission"), which affirmed and adopted the Hearing Officer's decision with additions and modifications R. 17-20. On January 3, 2003, the Petitioner requested reconsideration of the Commission's decision, and the Commission subsequently affirmed its earlier decision R. 1-3. This appeal followed.

Petitioner is asking that the Court reverse Deputy Decision 2. She requests that the Court apply the findings from the October 16, 2002 hearing on Deputy Decision 3 to Deputy Decision 2 and remove the $967.00 overpayment charge from her account. Plf.'s Feb. 21, 2003 Letter to the Ct.

## DISCUSSION

In the case at bar, the Commission relies on 26 M.R.S.A. § 1194(2) to argue that Petitioner's failure to appeal to Deputy Decision 2 within the statutorily prescribed period was fatal. Section 1194(2) reads, in pertinent part:

> The deputy shall promptly notify the claimant and any other interested party of the determinations and reasons therefor. Subject to subsection 11, unless the claimant or any such interested party, within 15 calendar days after that notification was mailed to his last known address, files an appeal from that determination, that determination shall be final, provided that the period within which an appeal may be filed may be extended, for a period not to exceed an additional 15 calendar days, for good cause shown. If new evidence or pertinent facts that would alter that determination become known to the deputy prior to the date that the determination becomes final, a redetermination is authorized, but that redetermination must be mailed before the original determination becomes final.

26 M.R.S.A. § 1194(2) (2002).

The Commission maintains that under § 1194(2), Petitioner had a maximum of 30 days from the date that Deputy Decision 2 was mailed to appeal the decision. It argues that Petitioner was mailed Deputy Decision 2 on September 18, 2002 and that she did not file her appeal until October 23, 2002 (five days after Deputy Decision 2 became final). The Commission acknowledges that Petitioner did not believe she was required to file two different appeals, but it points out that the decisions dealt with entirely different provisions of the law and established separate periods of ineligibility and disqualification. In addition, the Commission contends that the Petitioner was put on notice when a Division employee who took her appeal of Decision 2 reasonably asked Petitioner which decision she wanted to appeal.

In reviewing decisions of the Commission, the Court is bound by 5 M.R.S.A. § 11007 (2002). The Court shall not substitute its judgment for that of the agency on questions of fact. 5 M.R.S.A. § 11007(3) (2002). The court may only reverse or modify the decision if "the administrative findings, inferences, conclusions or decisions are: 1) In violation of constitutional or statutory provisions; 2) In excess of the statutory authority of the agency; 3) Made upon unlawful procedure; 4) Affected by bias or error of law; 5) Unsupported by substantial evidence on the whole record; or 6) Arbitrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007(4) (2002).

Accordingly, the Law Court has held that when the Superior Court reviews a decision of the Commission, it determines if the Commission "correctly applied the law and whether its fact findings are supported by any competent evidence." Maddocks v. Unemployment Ins. Comm'n, 2001 ME 60, ¶ 7, 768 A.2d 1023, 1025 (quoting McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818, 820). The Court may not disturb a decision of the Commission merely because the evidence

could give rise to more than one result. Dodd v. Secretary of State, 526 A.2d 583, 584 (Me. 1987); Gulick v. Board of Envtl. Prot., 452 A.2d 1202, 1209 (Me. 1982).

The Commission acted within its authority and without any bias or error of law in applying 26 M.R.S.A. § 1194(2) to Petitioner's appeal. Moreover, in making the decision, the commission did not violate any statutory or constitutional provisions, abuse its discretion or act in an arbitrary or capricious manner. Finally, the record shows that the Commission's decision was supported by competent and substantial evidence that Petitioner failed to file a timely appeal to Deputy Decision 3.

This result is also consistent with the Maine Supreme Court's decision in McKenzie v. Maine Employment & Sec. Comm'n, 453 A.2d 505 (Me. 1982). In that case, the question before the court was whether an applicant for unemployment compensation, who was mistakenly declared ineligible to receive any benefits on the ground of insufficient wage credits, should have been awarded benefits retroactively after the mistake was discovered, even though he failed to file a timely appeal of the initial determination of ineligibility and to file weekly claims. Id. at 507. In McKenzie, the Law Court upheld the Security Commission's decision and held that the claimant was not entitled to his benefits. Moreover, the Court stated that "specific periods of appeal statutorily affixed to the several steps in the chain of administrative review are jurisdictional and mandatory" and "administrative authorities, as well as the courts themselves, have no inherent power to extend or ignore statutory appeal periods in the absence of delegated statutory authority to do so." Id. at 509.

Because the court is without jurisdiction to entertain Petitioner's appeal, the entry is

Petitioner's 80C Appeal is DISMISSED.

Dated at Portland, Maine this 23rd day of September, 2003.

Robert E. Crowley
Justice, Superior Court

Date Filed __02-21-2003__    Cumberland    Docket No. __AP-03-15__

County

Action __80C Appeal__

KIRSTEN M. GOFF

STATE OF MAINE UNEMPLOYMENT INSURANCE
COMMISSION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>Kirsten M. Goff<br>Six Apple Lane<br>Standish, ME  04084<br>(207) 642-6250 | Pamela W. Waite Esq.<br>Elizabeth J. Wyman Esq.<br>6 State House Station<br>Augusta, Maine 04333-0006 |

Date of
Entry